I'll rise The Honorable the Judges of the United States Court of Appeals for the Fourth Circuit Oyez, oyez, oyez. All persons having any manner or forms of business before the Honorable the United States Courts of Appeal for the Fourth Circuit are admonished to draw nigh and give their attention for the court is now sitting. God save the United States in this honorable court You may be seated. Mr. Martin, are you ready? Good morning and may it please the court. My name is Gregory Martin and I represent Balfour Beatty in this matter against the City of Baltimore. Balfour Beatty is a general contractor that submitted a lump sum bid on two projects that are at issue. Balfour Beatty came to the bid and to this contract understanding that the contract included a dispute resolution mechanism but what Balfour Beatty believed was that that dispute resolution mechanism would include all disputes not just disputes that Balfour had. Why did you believe that? You said you believe was there something in writing that would inform your belief or what? Yes, your honor. If you look at the contract and specifically specification section 007384 it lays out the dispute procedures and albeit they focus primarily on obligations of the contractor to make submissions the lead-in the preamble to it states that it addresses all claims and disputes without distinguishing that whether they be Balfour's or the city's. When we look, yes your honor, what I don't understand is that seems like that's your merits argument right that the city had to go through this process before they took the money but what does that have to do with the jurisdictional question about whether you needed to exhaust? Correct, your honor. So if you look to the city charter which is the legislation that imbues the city with quasi-judicial authority that city charter provides a state right that Balfour has and that state right is if the city chooses to include a contractual dispute resolution process they may but the charter itself is all-encompassing. It says all disputes in excess of ten thousand dollars. I understand, I do understand kind of your merits argument but it seems to me that if you don't want to exhaust you have to show that the agency to which you've been directed palpably lacks jurisdiction over your claim and I don't see why can't you just go make that argument through the agency process. Our argument your honor is that the the agency themselves violated that state requirement that they that they have it up with the agency. I don't under that doesn't mean that the agency to which you've been directed doesn't have jurisdiction. They don't have jurisdiction to take liquidated damages to the tune of. But that's your merits argument that the agency did something it couldn't do. It acted ultraviolence. It acted illegally but that's not the exception is for when you've been directed to take your claim to an agency that can't hear your claim. They cannot hear my claim that they violated state rights and give me any adequate remedy. They can't hear my claim that they violated my due process rights. Why not? The city is not well number one they don't have that authority to address constitutional issues. It's not a contractual issue that they're addressing. What we are arguing is that the city violated our due process rights and liberty interests violated our state rights by not having a hearing. Those are not things that they can afford us a remedy particularly where there's an irreparable harm. When our business reputation is damaged as we've set forth in our briefs and our complaint that the that the city has effectively created a damage to Balfour's reputation. One that will follow Balfour until this issue is resolved. One that affects their ability to be pre-qualified for other government contracts. One that affects their ability to compete with other government contractors. Yes your honor. Go ahead. No you go ahead. So you're arguing about the process but doesn't Maryland law require administrative exhaustion even when there are questions about the process being prejudicial and that's the Soli case? Yes your honor but if you look at the Heery case it goes on to expand and it says a court has jurisdiction to review decisions where the agency exceeds its delegated powers or ignores a or obliterate a right created by the legislature. That's exactly what happened here. We have a legislated right to a hearing prior to them imposing damages upon us particularly those that cause irreparable harm. Do you have in I want to make sure I haven't missed something. Do you have in your brief somewhere this argument that the agency to which you've been directed I guess I gather it's the department of public works and you go up the administrative process would bring you up to the director. Correct your honor. Have you explained somewhere why the director doesn't have jurisdiction to hear a constitutional claim? Not expressly in those terms your honor. Well that but that's the whole question in the case right whether the agency to which you've been directed has jurisdiction over the claim and I don't see any argument raised below or before us that the director of public works can't hear your case. I believe your honor that the issue on appeal is not solely related to the due process question and whether the director has the jurisdiction to hear the constitutionality of the issue. I think the question is much more complex than that. I believe that the director had an obligation the city had an obligation to afford us the right which they denied. We know that right to be heard before these damages have been imposed was taken away from us and because of that there isn't a reparable harm that the director has no ability to remedy. So is it your view that whenever a state agency acts unlawfully and causes harm administrative exhaustion is excused? No your honor. Why not that sounds like what you just said. Our situation I think is one of those exceptional circumstances. If you look at the other cases such as Heary or the MTA case that came out of Maryland those situations do not involve a scenario where this where the agency caused an irreparable harm or it took away a right that the party had to be heard. Both of those cases were in advance of damages being imposed or penalties being imposed against those other entities and those entities were seeking to avoid the process altogether. We didn't seek to avoid this process until the city took the liquidated damages imposed those liquidated damages against us because we had no ability then through the director to resolve the issue which is which is truly the irreparable harm that Balfour suffers. As part of a being a government contractor as we lay out in the complaint contractors submit pre-qualification. They disclose when liquidated damages have been imposed. That can affect their ability to be pre-qualified. It can affect and determine whether they are qualified on a competitive selection. It can impinge upon their interest and the issue here I think the crux of the issue here is the ease at which the city could have remedied this problem. There was no obligation as council contends for the city to impose liquidated damages now. The city could have tallied those up and had a claim against Balfour at the end of the project if they so chose to wait for the hearing until that time. Council mentions the 855 project a third project and in that project that project was a year late. The city didn't assess liquidated damages. They're not compelled to do it and that's the issue. The ease at which they could have remedied this harm could have solved this issue before it ever happened. They might not be compelled to do it but they're authorized to do it aren't they under the green book? They are authorized to do yes they are authorized to assess liquidated damages after a hearing. After a hearing before the director as set forth in the city charter and that's the proposition for which Baltimore contractors stands. That if the contract itself is somehow at odds with the city charter it must be conformed to meet it. I contend that there is nothing at odds in the contract with the city charter. I think the But if we were to accept the city's position that they're not only authorized but mandated to take those damages that's at odds with the city charter and that charter should then conform the contract so that Balfour then has the opportunity to be heard. That all seems like a very good argument for you to make in your administrative proceedings and then if you don't get satisfaction from there If we were simply talking about liquidated damages as an amount of money 26 million dollars that was being withheld and that it was simply the duration for which it was held that monetary relief could be satisfied I admit that could be resolved by payment of interest on top of the assessment return of the liquidated damages but that's not the issue. The issue is not the money or even the return of the money. It is right now, it is happening now that Balfour discloses these things and their ability to get work. The courts know how to fashion remedies for things that have happened in the past. I mean they do that all the time. The damages Balfour is sustaining are beyond calculation. We don't want to concede that because if you win your claim you'll be in front of a district court arguing that you can calculate those damages that cost you this much in lost work. We will have claims for lost interest on the money. We will have claims for the other breaches of contract. I will submit to you that damages for us not getting job A or job B would be speculative. We would have no... We don't want to concede that now. Your Honor, I've been doing this for 26 years. I've tried to fashion an argument that I lost project A because of loss of bonding capacity and courts routinely say those arguments are speculative and they're speculative because you don't know if you would have won the project anyways and even if you won the project you don't know if you would have made a profit. Those damages are speculative. You cannot recover the impact and the harm that's being foisted upon us at this point in time. Counsel? Yes, Your Honor. Assuming that there's some sympathy for your cause in terms of the consequences of this exhaustion requirement, let's talk about the limiting aspect of a case going forward if we rule in your favor. What happens when we have another situation where, as you say, it's not about the money, it's not about its return, it's not about whether the interest, but it's about these things that I agree with you. They're very real and very existential to any company, particularly construction. But what if the next person says there are other things that are going to happen to my company if I have to undergo this administrative process? Then do we make an exception for theirs too? I think it has to be acknowledged on a case-by-case basis, Your Honor. Doesn't that turn arbitration on its head? Doesn't it? I mean, we're going to do case-by-case. As you well know, Fourth Circuit law is rather favorable to arbitration-type clauses, right? You think we're going to go down that path? That we're going to say, well, you have to exhaust unless we find the consequences that the delay might hurt your company? What's the limiting aspect? How do we rule in your favor in this case? I think the limiting factor here, Your Honor, goes back to the city charter. The city charter plainly states that we have a right to be heard. That right was taken away from us. If the city was not imbued with this quasi-judicial power, if the city charter did not exist, and the city took our liquidated damages, we would have a right to challenge that more quickly than what we have now. We would also have the right to try to avoid the irreparable harm that is being caused. But because the state general assembly enacted the city charter, giving the city the authority to make these kinds of a decision at the first level, but across all disputes, that's a right that has been taken away from us. And while liquidated damages, it may be a low bar, a low burden of proof for the city, simply proving that the contract exists, proving that there's contract time that has expired, proving that there's a liquidated damage provision, we have a right to defend ourselves. We have a right to come in and justify why the time is not our responsibility. And that's what was taken away from us. And if after all of that, if after all of that, and the director still decides to assess liquidated damages, at least we had the opportunity to be heard. At least we had the opportunity to try and avoid the irreparable harm. Now, council may argue that we're a bad contractor and the liquidated damages are appropriately assessed against us, but we still have a right to be heard. If it is, our rights are set forth starting with the city charter and do flow into these other concepts of due process and liberty interest. And if we had no irreparable harm, then it would be a money damages case. Then it would be simply solved by interest on the money. But that's not what we have. I see my time. I misread the clock. I still have a little bit of time, so bear with me. I apologize. It's not required, of course, to use all of your time. No, I appreciate that, Your Honor. The one point I also want to make that I think is significant is that while Maryland has not directly addressed a case like this, where we contend and we think the record is clear that the city has predetermined the outcome of the claims is evidently biased against my client, that the law in Maryland is such that it does recognize that as an exception. And as the U.S. Supreme Court stated in McCarthy, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. That is what has happened here. What's your evidence for that? It is evident in the communications from the director all the way up to the person making the decision claiming that Balfour defaulted on the contract. But your merits issue, the issue that you will be taking to this administrative body if you have to exhaust, is whether you are entitled to a hearing. And is there anything in the record suggesting that that issue has been predetermined? The issue of whether we're entitled to a hearing has been predetermined because they've objected to it. They have already stated that we are not entitled to a hearing until after the contract is over, even though they have assessed the liquidated damages. The point about the predetermination is us going through the administrative process at this stage is a futile act. We know what the outcome is. They've already assessed and taken the liquidated damages. That comes from the director, assess the liquidated damages. That's what bias means. Nobody would ever have to go through an administrative exhaustion process because you're always challenging something the agency has already done. Doesn't that exception just totally defeat the rule? It can't be enough that the agency has ruled against you once. Because otherwise you have no complaint to bring to... I agree, Your Honor. I think it is a culmination of all of the factors together. It is not one single issue or one single event that has led us to this point of saying that the city has acted palpably without jurisdiction and that it cannot be sent back to the city because they have already determined the outcome. It is the culmination of all of the factors put into play. All of these situations put into play. If the city had granted us a hearing before taking the liquidated damages, we could have then challenged that. But they chose not to. My time has now expired. Thank you. Thank you, Counsel. Mr. Sheridan. Thank you, Your Honor. May it please the Court. My name is Patrick Sheridan. I represent the Mayor and City Council of Baltimore in this matter. This case is a straightforward administrative exhaustion case. There's a contract between the city and Balfour Beatty to build a wastewater treatment facility in Baltimore. The goal of that facility is to reduce nitrogen levels in the Chesapeake to make the harbor more habitable for marine life. Time is of the essence with respect to this contract. We had a December 31, 2016 consent decree requiring us to complete the project. The city's credibility with its citizens, with state and federal agencies, with citizens of the state, the region, is on the line. Is that the reason you didn't accord the other side a hearing before imposing liquidated damages because time was of the essence? Well, because time is of the essence, that's the reason that we have this administrative process in place. And the administrative process is in place for the claims of the contractor. The liquidated damages provision in the contract is completely separate from that administrative process, Your Honor. And so the assessment of liquidated damages is done by operation of contractual language. They have not completed the contract. This contract was to be completed by February 28, 2015, almost two years behind schedule. The assessment of liquidated damages was done because they did not complete the contract by that date. And what about the argument that they were not accorded a hearing before liquidated damages were imposed? Were they entitled to a hearing or not? They say they were. They're not entitled to a hearing before the assessment of liquidated damages, Your Honor. That's a completely separate provision. Now, they are entitled... What provision is that? It cites the city charter for his position that they're entitled to a hearing. What do you cite for your position that they are not? The liquidated damages provision in the contract, Your Honor, which is, I don't have the cite to the Green Book, but it's a separate provision in the contract. Now, Your Honor, that doesn't mean that they're not entitled to challenge the assessment of liquidated damages through the administrative process. And they are, Your Honor. They are challenging the assessment of liquidated damages through the process. They have a number of claims that are pending in that administrative process right now where they're saying, you have delayed the project, city. You have interfered with our completion of the project, and therefore we're entitled to a compensable time extension. They have a number of claims. They have $50 million worth of claims in the administrative process right now. These are complex claims. But they're in the process. And they, through that administrative process, can receive all of the relief that they believe they're entitled to, Your Honor. And if they don't get it through the administrative process, which concludes with a hearing before the director at the completion of the contract work, then they can seek judicial review. All of the remedies that they're seeking are available to them, to be clear. But it is. It's an important project for the city. And the reason that we have this administrative process in place is to prevent exactly these sorts of disputes and litigation, which would hinder the completion of this project. So we have a comprehensive review process in place. It's a three-level review. The initial review is done through the engineer. He tries to resolve the claim. If it's not resolved to the satisfaction of the contractor, then it goes to the second-level review in front of the bureau head, who again attempts to resolve the claim. If it's not resolved, then at the completion of the contract work, the director has a hearing on the record. And if they're not satisfied with the resolution at that hearing, then they can seek judicial review. And the goal, again, is to focus attention on the completion of the construction, rather than litigating discrete claims, every discrete claim that might arise from a $250 million contract. And they've referenced some of those claims in their complaint. Pipe supports. Is a district court going to step in, in the middle of a $250 million project, and litigate whether these pipe supports were the responsibility of the designer or the contractor? So they always have this administrative process. They always have the right to judicial review. All of the remedies that they're seeking are available to them. But unless and until they exhaust these remedies, there's no subject matter jurisdiction in the district court. There's a strong preference for administrative exhaustion. And it meets two objectives, the administrative exhaustion requirement. Number one— Can I ask you a question before you start to go into Maryland law? Because I do have one question about Maryland law in this area. Is it your understanding that this palpably without jurisdiction exception, that to qualify under that exception so that administrative exhaustion is excused, you have to show both that the agency to which you've been sent, basically the process to which you've been sent, does not have jurisdiction over your claim. It's futile because they can't address your claim. And also that there's irreparable injury? You need to show both? That is my understanding, Your Honor. Why would you have to show irreparable injury? That just seems so odd to me. I mean, if you can— You know, if I have a claim against the Department of Public Works and your exhaustion proceeding process says I have to go to the Department of Motor Vehicles, isn't it enough for me just to show, well, that doesn't make any sense. They don't have jurisdiction over this dispute. Well, what irreparable injury really comes down to is can you ultimately obtain the relief that you're seeking? And when Mr. Martin referenced the McCarthy case, the reason that the Court found that Mr. McCarthy didn't have to exhaust his administrative remedies was because there was no way that he was going to get the relief that he believed he was entitled to by going through this process. So ultimately, when you're talking about irreparable injury, if there's a judicial—if there's a process in place, an administrative process, and that process ultimately ends up with judicial review, and you can ultimately get all the relief that you believe you're entitled to, then there is no irreparable injury, Your Honor. The mechanics of the assessment, let's say you assess them for $5 million, $5 million or anywhere, does that mean that in an ongoing project as this was, would you then get a credit for $5 million when they submit bills to you and then they don't get paid again until your credit is exhausted? Is that how the assessment works mechanically? The assessment works through pay applications. So if Balfour Beatty submits a pay application, this is the work that we've done. We're entitled to $1.5 million for that work. The city— Offset their credit for the assessment, right? Correct, Your Honor. Suppose they say you're wrong about that assessment, as a matter of fact, so wrong that it constitutes a breach of the contract. They still couldn't come to court, could they? What would they do? What would be their remedy? You're wrong. You breach the contract by assessing us while it's ongoing for this amount of money, and that's a breach. They'd still have to exhaust remedies, wouldn't they? Correct, Your Honor. They go through the process like anything else. That's a claim that they have. You are incorrect in assessing these liquidated damages. And so they submit a claim and say you're incorrect, and it goes through the process, and ultimately they get judicial review of that claim, Your Honor. But in the meantime, you still get—do you still get your credit? We still assess liquidated damages, Your Honor. That's correct. I mean, we have a—we're suffering damages now. Now, those damages are not quantifiable, which is— But you don't suffer while it's going on. They do. Only they do. We are suffering damages, and they're not quantifiable because we don't—  that we think they should be. What are the damages to the city that hit to its credibility with its citizens, with state and federal agencies, by not having this facility built when we said it was going to be built? Those aren't quantifiable damages, but they are damages that are happening right now, and we're assessing liquidated damages right now. And that's what the other side would say, too, that they have things that impact their company. Correct. But it seems somewhat one-sided, though, because you get to go on and tell someone decides against you, but they have to pay the penalty up front, which means carry those expenses, take that hit, right, and wait until your process has occurred, correct? That's correct, Your Honor. That is the process that's laid out in the contract. There's an administrative process. Then there's a liquidated damages provision. I guess the question is, is that palpably a violation of due process or somehow undermines the fairness of it? Isn't that the question before? Is it palpably somebody asking the jurisdiction to do that sort of taking, if you will? Is it? Well, Your Honor— Does it raise a Fifth Amendment-type question? Well, first of all— I don't know. Tell me. Your Honor, they don't raise a Fifth Amendment question in their complaint. The first time they raised it was in response to our motion to dismiss and on appeal. So that's not something that's even in their complaint. This is completely new. But the palpably without jurisdiction standard is—and this is Heery— is the city clearly and unequivocally without authority to do what it's doing. Now, we have an administrative process in the contract. I'm sorry. You think that the palpably without jurisdiction question means on the merits did the city do something it didn't have the authority to do? That's not how I read it. No, just in terms of administrative exhaustion, is the city clearly and unequivocally without authority to do what it's doing? That's not the question. I thought the question is, is the agency to which you have been sent to exhaust your claim without jurisdiction to hear your claim? Correct. Right. Okay. It doesn't matter whether what the city did was outside its lawful authority. What matters is whether this director of—what is it? The director of public works? Correct. Has jurisdiction over these people's claim. Correct. So, for example, Your Honor, the director of DPW would not have jurisdiction to decide a criminal case, something like that. He's clearly without authority. That's when the exception would apply. Correct, Your Honor. In this case, we have an administrative process in place, and we're following that administrative process. We have a liquidated damages provision in the contract, and everything that we're doing is consistent with that liquidated damages provision. So there is no— Well, if that's the standard that palpable jurisdiction is that, then that's really almost a tautology, since whatever the city says can look at it, then the question is over. I mean, even it could be a different department. If you want, it could be waste treatment plant, and then we're going to allow the people who deal with parking tickets, that department, handle it, right? I don't believe that. I believe that the parking authority would be without jurisdiction to resolve that. Why? Why? The restriction. It seems to me the answer to Judge Harris' question is basically whoever you designate has jurisdiction. Well, who's designated in the Green Book is the director of DPW. And so I guess in the Green Book, if we said, look, we don't want any question of bias, so we're going to send this over to the parking authority, then we could. We could. But we didn't do that. So from a jurisprudential standpoint, it's almost like we don't have to, you know, it's almost like a potted plant type role to the court. You'd say basically, you say the law is that whatever you say is the designated agency, it is because we said it is. That's the standard solely. And Balfour Beatty agreed. Hang on. Just so I understand this hypothetical, that would only work if then when the claimant went to the parking people, who was your hypothetical, the Department of Parking, they said, okay, great, let's have a hearing. I mean, it's not enough to designate them. The city would actually have to vest them with jurisdiction to hear the claim. Correct. And that would be a weird choice to have the person in charge of parking do it. But if they had jurisdiction and were vested with jurisdiction and were able to hear the claim and grant relief, then that would be fine. Absolutely. It would be odd. It would be. But the designation isn't what takes care of the problem. It's the vesting of the designated agency with jurisdiction. Correct. And that's done through the contract, through the Green Book. The other point I want to make is that Frucon, Balfour Beatty, this is a sophisticated party. It's a multinational corporation. It's a government contractor. They do, Mr. Martin referenced the type of work that they do. They read the contract. They saw the administrative process that's in place. They saw the liquidated damages provision that's in place. You know, we haven't heard much about the liquidated damages provision and how it's separate from the administrative process. But that liquidated damages provision is in there. They saw it. They saw that if you don't complete by the contract time, you shall pay liquidated damages. And so getting back to this just quickly, the due process, this idea that there's any sort of due process claim, this is a breach of contract case. The case law is cited in our brief. It's black-letter law. A breach of contract case doesn't turn into a due process case simply because you have a breach of contract with a government entity. There's no unlawful taking here. And regardless, we have a comprehensive review process in place that allows for judicial review. So they certainly are getting due process. The other ‑‑ sorry, I lost my train of thought. These allegations regarding, and Mr. Martin referred to them, regarding prequalification for bids, these are contingent allegations. They're speculative allegations. There's a heavy burden on Frucon to show why it's entitled to make an end run around this administrative process. And this is its second attempt to make an end run around this administrative process. The idea that we can simply say if we go and try to become prequalified somewhere and if that government looks and sees that there's an assessment of liquidated damages, then this might happen. And those are contingent, speculative allegations that certainly aren't enough to traverse this long and arduous road of getting around this administrative exhaustion requirement. With respect to the predetermination issue, the brief points to letters, a letter from the director of DPW to the surety. The city has a responsibility under the language of the bond to notify the surety when there are problems with the contract. That's what the city did. That wasn't a determination. That was a letter outlining the city's position, the city's concern. There's no determination there. And the same with letters written between council. Those are positions. Those aren't findings. There's no finding here. There's an assessment of liquidated damages. There's no predetermination. And, again, nobody, the city, it's not the city's position, it's never been the city's position that they can't get relief, all the relief that they believe they're entitled to, okay, through the administrative process, through judicial review. They have the absolute right to file a claim and say this taking of liquidated damages is inappropriate, beyond your jurisdiction, et cetera, et cetera. They have the absolute right to do that. Even the constitutional claim, Volvo, the same type of claim was met, and the Volvo court said, this court said, if we can resolve this constitutional issue through the administrative process, then let's do it. I mean, even that can be resolved through the administrative process. So if they're going to say there's a due process issue through the taking of liquidated damages, that's something that can be looked at through the administrative process and ultimately reviewed by a court of competent jurisdiction. So Prukan, Balfour Beatty, I'm sorry, there's a change midstream. Balfour Beatty, they've failed to exhaust their administrative remedies. They have not alleged any type of circumstances that would justify their attempted end run. There's nothing extraordinary about this case. There's nothing extraordinary about this case. It's a dispute over contractual language, statutory language between two parties. It's a big project. It's a $250 million contract. Of course there are going to be claims. Those claims need to be resolved in the first instance through the administrative process. If not, through judicial review, Prukan has failed to do that. They've failed to exhaust their administrative remedies. There's no subject matter jurisdiction from the district court. Thank you, Your Honor. If there are no other questions. Thank you. Thank you. Mr. Martin, you have a few minutes. Thank you, Your Honor. I'll be brief. Liquidated damages are damages. The city has taken money that Balfour has earned indisputably, saying that we breached the contract and the city has determined unilaterally that they're entitled to damages. And the contract is not parsed by line by line. The contract is an entire document. It's to be read in pari materia. And when you read it that way, it says that when you are in breach, the contractor shall pay liquidated damages. And then if there is a claim or dispute about that, the very next paragraph on JA99 talks about how you go through the administrative process. And your client is a large government contractor that has signed, I'm sure, several contracts just like this before. So how do you get beyond the clear language of the contract and black letter contract law? Your Honor, respectfully, the contract provides all disputes. The assessment of liquidated damages is the city's contention that we breached the contract. It is their claim against us. And the city charter and the contract say we have a right to be heard. Is the city charter incorporated in the contract? No, the city charter is established by the General Assembly, and as the Baltimore Contractors case pointed out, it is the law in Maryland. And if the contract does not equate to what the charter provides, that contract is conformed to meet the charter. It's not the other way around. So the charter is in place to protect not just the city, but to protect my client as well. And all of this could have easily been solved, readily solved, give us the hearing. There was no obligation, there's no contractual obligation that they take the money immediately, that they brand us with the position of being an irresponsible contractor, that we have to disclose to others without giving us the right to be heard. And they took that away from us. Can I ask you a question about the hearing rights and the due process claim? You are not bringing a separate due process claim, is that correct? That is correct, Your Honor. We're not saying this breach of contract in and of itself is a violation of our due process rights. What we are saying is that the violation of our due process rights and liberty interests support the notion that we have been irreparably harmed. There is no money damages to make us whole. There is a case that came out of the Maryland Court of Appeals recently in August of 2016. It is not directly on point, but it does address exhaustion of administrative remedies. It's United Insurance, 450 Maryland 1. It does not address palpably without jurisdiction, but it lists five other exceptions to exhaustions of administrative remedies. One of them is that the agency cannot provide to any substantial degree of remedy. When they predetermine the outcome, we have no remedy. They win, we lose. They've already decided it. Thank you. Thank you, counsel. We'll come down, greet counsel, and then proceed to the next case.
judges: Roger L. Gregory, Stephanie D. Thacker, Pamela A. Harris